## DANIEL F. HARDING *versus* GEORGE W. BUTLER.

By the provisions of the poor debtor act of 1839, c. 412, the oath should not be administered to the debtor, who has on his examination disclosed " any bank bills, notes, accounts, bonds, or other chose in action," until he has performed all the duties which the statute requires of him, one of which is to choose an appraiser, " to appraise off sufficient property thus disclosed to pay the debt."

And in such case, where the debtor is not entitled to have the oath administered, if the justices proceed and administer it, it is illegally taken and wholly inoperative, and will not be considered as a performance of the condition of the bond.

And if the parties, in the suit upon the bond, submit the case for decision upon an agreed statement of facts, which does not show that an appraisement was made, such agreement must be presumed to state all the facts material to a correct decision of the case ; and the Court cannot imply that any appraisement was made.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Debt on a poor debtor's bond, given to procure the release of Butler from an arrest on an execution in favor of the plaintiff, having as the condition thereof, that Butler should within six months from the date cite the creditor, and should appear before two justices of the quorum, and submit himself to examination, make disclosure of his business concerns and property and abide the order of the justices thereon, or take the oath prescribed by the statutes for the relief of poor debtors, or pay the debt, costs, interest and fees, or be delivered into the custody of the jailer. The facts were agreed.

Butler duly cited the plaintiff before two justices of the quorum, and within the six months made a disclosure, from which it appeared that he had notes to the amount of five hundred dollars, given for a farm sold by him, and that he had no other property. The plaintiff is to be considered as objecting to the admissibility of this disclosure. The justices thereupon decided that Butler was entitled to have the oath prescribed by the statute administered, and they did administer it, made the record of their doings, and made the certificate prescribed by the statute. These proceedings were within the six months,

and no objection is made to any of the proceedings, excepting
to the decision of the justices that the oath should be admin-
istered, and to the administering of it. The defendant relies
on a performance of the condition of the bond. If the Court
should be of opinion, that the justices were authorized to ad-
minister the oath, the plaintiff is to become nonsuit; other-
wise the defendant is to be defaulted, and judgment rendered
for the plaintiff according to law.

The District Judge decided that the action could not be
maintained, and the plaintiff filed exceptions.

*Harding, pro se,* contended that as the debtor disclosed
property to the value of five hundred dollars, the justices had
no authority to administer the oath, and that it was a void act.
The performance must be legal, or it is no performance. By
the statute of 1839, c. 412, § 2, when property is disclosed,
the oath is not to be administered, but the property is to be
appraised, in manner there prescribed, to discharge the debt.

*G. Abbott,* for the defendant, contended that one of the
alternative conditions of the bond had been performed by the
administering the oath by the justices. It is said that the jus-
tices had no power to administer the oath. The justices have
the power to administer the oath, or to withhold it. Their
record and certificate are the proper evidence. That the oath
was rightly administered, has been settled by a competent ju-
risdiction, the justices, and their decision is final and conclu-
sive. *Avery* v. *Betts,* 3 Fairf. 415.

The statute of 1839 does not prohibit the justices from ad-
ministering the oath. The plaintiff might have taken the pro-
per mode to have had the notes appraised, if he had chosen,
and his neglect cannot take away the right to administer the
oath. But here it does not appear, but that an appraisal was
made.

The opinion of the Court was drawn up by

SHEPLEY J. — This suit is upon a poor debtor's bond and is
presented for decision on an agreed statement of facts. The
act of 1835, c. 195, provided, that a debtor arrested or im-

prisoned on execution issuing on a judgment in a civil suit might give bond conditioned, that in six months he would cite the creditor and submit himself to examination and take the oath prescribed, or pay the debt, interest, costs and fees, or be delivered into the custody of the jailer within said time. And the tenth section provided for his discharge from the commitment upon proper proof, that he had taken the oath.

The supplementary act of 1836, c. 245, § 7, substituted another oath for that required by the former act. That oath appears to have been so framed as to allow the debtor to be discharged, when he disclosed truly the state of his affairs, although he disclosed, that he had property sufficient to pay the debt. And no provision was made by which the creditor could obtain satisfaction of his debt from the property disclosed, if the same consisted of choses in action, or other property not liable to be seised and sold on execution.

The second section of the act of 1839, c. 412, appears to have been designed to remedy this evil by providing, that when the debtor should disclose "any bank bills, notes, accounts, bonds, or other choses in action, or any property not exempt by law, which cannot be come at to be attached," three disinterested men should be selected, in case of disagreement between the creditor and debtor in appropriating the property to the payment of the debt, and that they should under oath appraise off sufficient property thus disclosed to pay it. The act then declares "and in case the creditor shall not appear at the disclosure of said debtor, or appearing shall refuse or neglect to choose an appraiser, the justices shall appoint a man for him to appraise such property as is disclosed as aforesaid."

It was not the intention to permit the oath to be administered to the debtor until he had performed all the duties, which the statute required of him. One of these was to select a person to make such appraisal. And the creditor was entitled to have the appraisal made, that he might voluntarily receive the property in payment of his debt, if he thought proper to do so. Whether the provision so far as it attempts

to discharge his debt without his consent be constitutional is not now the subject of inquiry.

It is said in argument for the defendant, that there is no evidence, that the notes disclosed were not appraised. The agreed statement does not show, that any appraisement was made, and such agreement must be presumed to state all the facts material to a correct decision of the case. It is on those facts, that the parties submit the case for decision.

Again it is said, that the defendant has performed one of the alternatives named in the condition of his bond by taking the oath. The answer to this argument is, that it was illegally taken, and that it was therefore wholly inoperative. He was not entitled to have the oath administered, until after an appraisement had been made, and he cannot plead an illegal act as a performance of the condition of his bond ; and must be regarded as in the same position as if he had not attempted to take the oath.

*Exceptions sustained and*
*judgment for the plaintiff.*